William A. Baird (SBN 192675)
william.a.baird.1@gmail.com
BAIRD LAW FIRM
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Telephone: 805-267-1209
Facsimile: 866-747-3905

Joseph P. Guglielmo
jguglielmo@scott-scott.com
SCOTT+SCOTT
ATTORNEYS AT LAW LLP
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile: 212-223-6334

*Attorneys for Plaintiff*

[Additional counsel on signature page.]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| G.R., a Minor, by and Through Her Guardian Mayra De La Cruz, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TIKTOK, INC., a California Corporation, and BYTEDANCE INC., a Delaware Corporation,<br><br>Defendants. | Case No.: 2:20-cv-04537<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff G.R., by and through her guardian, Mayra De La Cruz, complains upon knowledge as to herself and her own actions and upon information and belief as to all other matters against Defendants TikTok, Inc. and ByteDance, Inc. (collectively, "TikTok" or "Defendants"), as follows:

## SUMMARY OF ALLEGATIONS

1. This action arises from Defendants' unlawful and intentional collection and use of minors' confidential biometric information without their consent and subsequent unauthorized disclosure of that information to third parties from approximately May 14, 2017 to the present (the "Class Period") in violation of state law. Plaintiff, on behalf of herself and similarly situated users of the TikTok app, brings this suit under the California Consumer Privacy Act of 2018 ("CCPA"), Cal. Civ. Code. §1798.100 *et seq.*, and the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §17200 *et seq.*, and for declaratory and other equitable relief under the Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*

2. TikTok is a short-video sharing app and social network platform, and is one of the most popular and fastest growing social networking apps in the world. TikTok allows users to create, view, and share three to 15-second videos of dancing, lip-syncing, and other forms of self-expression, as well as short looping videos of three to 60 seconds. TikTok currently has approximately 2.4 million active daily users, many of whom are minors.

3. The TikTok app scans a user's facial geometry before running an algorithm to determine the user's age. The app also uses facial scans to allow users to superimpose animated facial filters onto the moving faces of video subjects.

4. Minors who have registered for or used TikTok and interacted with the app have not consented to TikTok's collection, retention, or release of their biometric information.

5. Plaintiff and Class Members have particular concerns given TikTok's reported connections to the Chinese government, which have recently come under close public scrutiny. At least two U.S. Senators formally requested that the intelligence community conduct an assessment of the national security risks posed by TikTok. Because of data concerns, some U.S. military branches have even banned the use of the app on government-issued phones. Senator Josh Hawley (R–Mo.) has called for a total ban on the use of the app across the United States.[1] Reddit CEO and co-founder Steve Huffman, called TikTok "fundamentally parasitic" due to privacy concerns.[2]

6. California laws recognize individual's reasonable expectations of privacy in biometric information. California specifically recognizes privacy as a fundamental right, and accordingly, California law prohibits, among other things, collecting, capturing, obtaining, disclosing, redisclosing, disseminating or profiting from the biometric identifiers or information of an individual without providing written notice and without obtaining a written release from the impacted individual or his authorized representative. California also requires private entities in possession of biometric identifiers to adopt retention policies and to take measures to prevent the release of that information.

7. Defendants engaged in this conduct: (a) without adequately informing the impacted individuals, including Plaintiff and members of the proposed class (the "Class Members"), that their biometric identifiers were being collected, captured, obtained, disclosed, redisclosed, or otherwise disseminated; (b) without informing the impacted individuals in writing of the purpose of the collection, capture, obtainment,

---

[1] T.J. McCue, *Is TikTok Raiding Your Privacy in 2020? Here Is How To Stop It*, FORBES (Feb. 13, 2020), https://www.forbes.com/sites/tjmccue/2020/02/13/is-tiktok-raiding-your-privacy-in-2020-here-is-how-to-stop-it/#1e34f6b569c8.

[2] Chaim Gartenberg, *Reddit CEO Says TikTok is 'fundamentally parasitic,' cites privacy concerns*, THE VERGE (Feb. 27, 2020), https://www.theverge.com/2020/2/27/21155845/reddit-ceo-steve-huffman-tiktok-privacy-concerns-spyware-fingerprinting-tracking-users.

disclosure, redisclosure, and dissemination of the biometric identifiers and information; and (c) without seeking and obtaining written releases from such impacted individuals or their authorized representatives.

8. Given the concealed and secretive nature of Defendants' conduct, more evidence supporting the allegations in this complaint will be uncovered after a reasonable opportunity for discovery.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C §1332(d) because the amount in controversy for the Class exceeds $5,000,000 exclusive of interest and costs, there are more than 100 putative Class Members, and minimal diversity exists because more than two-thirds of putative Class Members are citizens of a state different than Defendants.

10. This Court has general personal jurisdiction over Defendants because their principal places of business are in California. Additionally, Defendants are subject to specific personal jurisdiction in this State because a substantial part of the events and conduct giving rise to Plaintiff's and the Class's claims occurred in this State.

11. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial portion of the conduct described in this complaint was carried out in this District. Furthermore, Defendant TikTok, Inc. is headquartered in this District and subject to personal jurisdiction in this District.

## PARTIES

**A. Plaintiff**

12. Plaintiff G.R. ("Plaintiff G.R.") is a minor and brings this suit by and through her legal guardian, Mayra De La Cruz. Plaintiff G.R. is a natural person and citizen of the State of California and a resident of Los Angeles County.

**B. Defendants**

13. Defendant TikTok, Inc. ("TikTok") is a corporation organized and existing under the laws of the State of California, with its principal place of business at 10100 Venice Boulevard, Culver City, California 90232.

14. Defendant ByteDance, Inc. is a corporation existing under the laws of the State of Delaware, with its principal place of business at 3000 El Camino Real, Building 2, Suite 400, Palo Alto, California 94306.

## SUBSTANTIVE ALLEGATIONS

**Background Information on TikTok**

15. ByteDance, Inc. the parent company of TikTok, Inc., first launched the TikTok app (then known as "Douyin") in China in September 2016. The app ultimately became available in the United States in August 2018 following a merger between TikTok and Shanghai-based social media platform, musical.ly. While TikTok and Douyin are similar to each other and essentially the same app, they run on separate servers to comply with Chinese censorship restrictions.

16. The app allows users to create short music and lip-sync videos of three seconds to 15 seconds and short looping videos of three seconds to 60 seconds. By October 2018, TikTok was the most downloaded app in the United States.

17. As of January 2020, minor users, like Plaintiff G.R. and Class Members, accounted for 37.2% of TikTok's active user accounts in the United States.

18. In direct violation of the CCPA, the TikTok app's proprietary facial recognition technology scans every video uploaded to the app for faces, extracts geometric data relating to the unique points and contours (*i.e.*, biometric identifiers) of each face, and then uses that data to create and store a template of each face – all without ever informing anyone of this practice.

19. To accomplish this end, Defendants implemented an artificial intelligence tool in the app that automatically performs these facial scans. This

technology permits users to superimpose images onto their face or to use various "filters" that alter, distort, or enhance their facial features.

20. In collecting, capturing and otherwise obtaining the biometric identifiers and information of Plaintiff and Class Members and, upon information and belief, subsequently disclosing, redisclosing, and otherwise disseminating those biometric identifiers and information to other related corporate entities – all without providing the requisite notice, obtaining the requisite releases or satisfying any of CCPA's other provisions that would excuse it from CCPA's mandates – Defendants violated CCPA, Defendants failed to use a reasonable standard of care to protect Plaintiff's and Class Members' biometric identifiers and information from disclosure and, in fact, affirmatively disclosed their biometric identifiers and information.[3]

21. In further violation of CCPA, as a private entity in possession of Plaintiff's and Class Members' biometric identifiers and information, Defendants failed to adopt or make available to the public a retention policy and information once the initial purpose for collecting them had or has been satisfied.

22. Defendants' violations of CCPA were intentional and reckless or, in the alternative, negligent.

**TikTok's Unlawful Actions Have Harmed Plaintiff**

23. Plaintiff G.R., an 8-year-old minor, has, within the applicable statute of limitations, uploaded and posted numerous videos to TikTok, which include images of her face, and her face has appeared in other users' uploaded videos. Plaintiff G.R. has uploaded videos, and/or Plaintiff G.R.'s face has appeared in videos uploaded by

---

[3] https://www.tiktok.com/legal/privacy-policy?lang=en (last visited May 15, 2020) ("We share the categories of personal information listed above with service providers and business partners to help us perform business operations and for business purposes, including research, payment processing and transaction fulfillment, database maintenance, administering contests and special offers, technology services, deliveries, email deployment, advertising, analytics, measurement, data storage and hosting, disaster recovery, search engine optimization, marketing, and data processing.").

other users, employing TikTok's face sticker, face filter, and face tracker lens technology.

24. Through these videos, Defendants have collected and stored Plaintiff G.R.'s unique biometric identifiers or biometric information. Upon information and belief, Defendants have disclosed and/or disseminated these biometric identifiers or biometric information to third parties.

25. At no point did Plaintiff consent to or authorize TikTok to intercept, record, disclose, or otherwise misuse her biometric information. Moreover, TikTok could not have obtained consent from Plaintiff G.R., who was a minor during the entire Class Period. Plaintiff would not have registered for or used for TikTok had she known that TikTok engaged in the unlawful actions described herein.

26. Plaintiff would like to continue to use TikTok in the future, but will be uncertain as to whether TikTok has ceased its unlawful practices and violation of her privacy rights without the equitable relief requested herein, specifically an injunction prohibiting TikTok from engaging in the unlawful practices alleged herein. This is particularly the case given the surreptitious nature of TikTok's misconduct.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 individually and on behalf of the following Class:

> All minor persons who registered for or used the TikTok app from at least May 14, 2017 to the present (the "Class Period").[4]

28. Excluded from each Class are: (1) any Judge or Magistrate presiding over this action and any members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former employees,

---

[4] Plaintiff has defined the Class based on currently available information and hereby reserves the right to amend the definition of the Class, including, without limitation, the Class Period.

officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

29. **Ascertainability:** Membership of the Class is defined based on objective criteria, and individual members will be identifiable from Defendants' records.

30. **Numerosity:** The exact number of members of the Class is unknown and unavailable to Plaintiff at this time, but individual joinder in this case is impracticable. The Class likely consists of millions of individuals, and Class Members can be identified through Defendants' records.

31. **Predominant Common Questions:** The Class's claims present common questions of law and fact, and those questions predominate over any questions that may affect individual Class Members. Common questions for the Class include, but are not limited to, the following:

    a. whether Defendants collect, retain, or release the biometric information of minors who interact with them;

    b. whether individuals who use TikTok have a reasonable expectation of privacy under California law;

    c. whether TikTok's business practices of collecting, retaining, releasing, and otherwise misusing users' private and confidential information and other personal information violated state law;

    d. whether Plaintiff and Class Members are entitled to declaratory and/or injunctive relief to enjoin the unlawful conduct alleged herein; and

e.  whether Plaintiff and Class Members have sustained damages as a result of TikTok's conduct, and, if so, what is the appropriate measure of damages or restitution.

32. **Typicality:**  Plaintiff's claims are typical of the claims of the other members of the proposed Class.  Plaintiff and Class Members suffered an invasion of privacy as a result of Defendants' wrongful conduct that is uniform across the Class.

33. **Adequate Representation:**  Plaintiff has fairly and adequately represented and protected the interests of the Class and will continue to do so.  She has retained counsel competent and experienced in complex litigation and class actions, including privacy violations.  Plaintiff has no interests that are antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff.  Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and they have the resources to do so.  Neither Plaintiff nor her counsel have any interests adverse to those of the other members of the Class.

34. **Substantial Benefits:**  This class action is appropriate for certification because class proceedings are superior to other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable.  This proposed class action presents fewer management difficulties than individual litigation, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.  Class treatment will create economies of time, effort, and expense and promote uniform decision-making.

35. Plaintiff reserves the right to revise the foregoing class allegations and definitions based on facts learned and legal developments following additional investigation, discovery, or otherwise.

## **CALIFORNIA LAW APPLIES TO THE ENTIRE CLASS**

36. California's substantive laws apply to every member of the Class, regardless of where in the United States the Class Member resides.  California's

8
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

substantive laws may be constitutionally applied to the claims of Plaintiff and the Class under the Due Process Clause, 14th Amend. §1, and the Full Faith and Credit Clause, Art. IV §1 of the U.S. Constitution. California has significant contact, or significant aggregation of contacts, to the claims asserted by Plaintiff and all Class Members, thereby creating state interests that ensure that the choice of California state law is not arbitrary or unfair.

37. Defendants' U.S. headquarters and principal places of business are located in California. Defendants also own property and conduct substantial business in California, and therefore California has an interest in regulating Defendants' conduct under its laws. Defendants' decision to reside in California and avail itself of California's laws, and to engage in the challenged conduct from and emanating out of California, renders the application of California law to the claims herein constitutionally permissible.

38. California is also the state from which Defendants' alleged misconduct emanated. This conduct similarly injured and affected Plaintiff and all other Class Members.

39. The application of California laws to the Class is also appropriate under California's choice of law rules because California has significant contacts to the claims of Plaintiff and the proposed Class, and California has a greater interest in applying its laws here than any other interested state.

## CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**Violation of California Consumer Privacy Act**
**Cal. Civ. Code §1798.100 *et seq*.**
**(on Behalf of Plaintiff and the Class)**

40. Plaintiff re-alleges and incorporates the preceding allegations of this Complaint with the same force and effect as if fully restated herein.

41. The California Consumer Privacy Act ("CCPA") protects consumers' personal information from collection and use by businesses without consumers' notice and consent.

42. Defendants violated the CCPA by collecting, retaining, and using customers' biometric information without providing the required notice under the CCPA. Defendants did not notify Plaintiff and the Class Members that they were disclosing their biometric information to unauthorized third parties.

43. Defendants also violated the CCPA by failing to provide notice to their customers of their right to opt-out of the disclosure of their biometric information to unauthorized third parties, like Facebook. Defendants did not give Plaintiff and the Class Members the opportunity to opt out before they provided their biometric information to unauthorized third parties.

44. Plaintiff seeks injunctive relief in the form of an order enjoining Defendants from continuing to violate the CCPA, as well as actual damages on behalf of herself and the Class.

**SECOND CLAIM FOR RELIEF**
**Violation of the California Unfair Competition Law**
**Cal. Business & Professions Code §17200 *et seq.***
**(on Behalf of Plaintiff and the Class)**

45. Plaintiff re-alleges and incorporates the preceding allegations of this complaint with the same force and effect as if fully restated herein.

46. TikTok engaged in business acts and practices deemed "unlawful" under the UCL, because, as alleged above, TikTok unlawfully intercepted, recorded, disclosed, and otherwise misused Plaintiff's and Class Members' biometric information without consent in violation of the CCPA. In addition, TikTok's breach of its own privacy policy as alleged above constitutes a violation of Cal. Bus. & Prof. Code §22576.

47. TikTok also engaged in business acts and practices deemed "unlawful" under the UCL, because TikTok unlawfully intercepted, recorded, disclosed, and otherwise misused Plaintiff G.R.'s and Class Members' interactions without consent, which violates public policy as declared by specific statutory provisions, including Cal. Fam. Code §6701 and §6710, which prohibit Defendants from obtaining consent by minors.

48. Specifically, Cal. Fam. Code §6701 states that: "A minor cannot do any of the following: (a) Give a delegation of power . . . ." Cal. Fam. Code §6710 states that: "Except as otherwise provided by statute, a contract of a minor may be disaffirmed by the minor before majority or within a reasonable time afterwards or, in case of the minor's death within that period, by the minor's heirs or personal representative."

49. TikTok did not obtain the minor Plaintiff G.R.'s consent to intercept, record, disclose, or use her biometric information. TikTok could not obtain consent to intercept, record, disclose or use the minor Plaintiff G.R.'s biometric information. To the extent that TikTok attempts to claim that it obtained the minor Plaintiff G.R.'s consent, pursuant to Cal. Fam. Code §6710, Plaintiff G.R. disaffirms such consent.

50. TikTok also engaged in business acts or practices deemed "unfair" under the UCL because, as alleged above, TikTok failed to disclose during the Class Period that TikTok was intercepting, recording, disclosing and otherwise misusing Plaintiff's and Class Members' biometric information without their consent. Unfair acts under the UCL have been interpreted using three different tests: (1) whether the public policy which is a predicate to a consumer unfair competition action under the unfair prong of the UCL is tethered to specific constitutional, statutory, or regulatory provisions; (2) whether the gravity of the harm to the consumer caused by the challenged business practice outweighs the utility of the defendant's conduct; and (3) whether the consumer injury is substantial, not outweighed by any countervailing

benefits to consumers or competition, and is an injury that consumers themselves could not reasonably have avoided. Defendants' conduct is unfair under each of these tests. TikTok's conduct alleged is unfair under all of these tests.

51. As described above, TikTok's conduct violates the policies of the statutes referenced above. The gravity of the harm of TikTok's secret intercepting, recording, disclosure, and other misuse of Plaintiff's and Class Members' biometric information, including those by minors, is significant and there is no corresponding benefit to consumers of such conduct. Finally, because Plaintiff and Class Members were completely unaware of TikTok's secret recordings and disclosure, they could not have possibly avoided the harm.

52. Had Plaintiff known that her communications would be intercepted, recorded, disclosed, and misused, she would not have registered for TikTok. Plaintiff and Class Members have a property interest in any recordings of their biometric information. By surreptitiously intercepting, recording, disclosing, or otherwise misusing Plaintiff's and Class Members' biometric information, TikTok has taken property from Plaintiff and Class Members without providing just or any compensation.

53. Plaintiff, individually and on behalf of the Class, seeks: an injunction enjoining TikTok from engaging in the unlawful conduct alleged in this claim and requiring TikTok to delete all biometric information of Class Members, to cease further collection, to implement functionality sufficient to prevent unauthorized collection in the future, to cease disclosing biometric information of the Class to third parties without prior consent, and other appropriate equitable relief, including but not limited to improving its privacy disclosures and obtaining adequately informed consent.

# THIRD CLAIM FOR RELIEF
**Request for Relief under the Declaratory Judgment Act**
**28 U.S.C. §2201 *et seq.***
**(on Behalf of Plaintiff and the Class)**

54. Plaintiff re-alleges and incorporates the preceding allegations of this complaint with the same force and effect as if fully restated herein.

55. Under the Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, this Court is authorized to enter a judgment declaring the rights and legal relations of the parties and grant further necessary relief. Furthermore, the Court has broad authority to restrain acts, such as here, that are tortious and that violate the terms of the federal and state statutes described in this complaint.

56. An actual controversy has arisen in the wake of Defendants' intercepting, recording, disclosure, and misuse of Plaintiff's and Class members' biometric information without their consent as alleged herein in violation of Defendants' common law and statutory duties.

57. Plaintiff continues to suffer injury and damages as described herein as Defendants continue to intercept, record, disclose, and misuse Plaintiff's and Class Members' biometric information, including biometric information of minors whose consent to use Defendants cannot obtain.

58. Pursuant to its authority under the Declaratory Judgment Act, this Court should enter a judgment declaring, among other things, the following:

   a. Defendants continue to owe a legal duty to not intercept, record, disclose, and otherwise misuse Plaintiff's and Class Members' biometric information under, *inter alia*, the common law, CCPA, Cal. Bus. & Prof. Code §22576, and Cal. Fam. Code §6710;

   b. Defendants continue to breach their legal duties by continuing to intercept, record, disclose, and misuse Plaintiff's and Class Members' biometric information; and

   c. Defendants' ongoing breaches of their legal duties continue to cause Plaintiff and Class Members harm.

59. The Court should also issue corresponding injunctive relief, including but not limited to, enjoining TikTok from engaging in the unlawful conduct alleged in this claim and requiring TikTok to delete all biometric information of Class Members, to cease further collection, and to implement functionality sufficient to prevent unauthorized collection and use in the future, and other appropriate equitable relief, including but not limited to, improving its privacy disclosures and obtaining adequately informed consent.

60. If an injunction is not issued, Plaintiff will suffer irreparable injury and lack an adequate legal remedy in the event of Defendants' ongoing conduct.

61. State laws prohibit, among other things, interception, recording, disclosure, and other misuse of biometric information without consent. California specifically recognizes protection of biometric information as a fundamental right. Given that TikTok admits that it continues to intercept, record, disclose, and misuse biometric information, including that of minors, the risk of continued violations of California law is real, immediate, and substantial. Plaintiff does not have an adequate remedy at law because many of the resulting injuries are reoccurring and Plaintiff will be forced to bring multiple lawsuits to rectify the same conduct.

62. The hardship to Plaintiff and the Class if an injunction is not issued exceeds the hardship to Defendants if an injunction is issued. On the other hand, the cost to Defendants of complying with an injunction by complying with California law and by ceasing to engage in the misconduct alleged herein is relatively minimal, and Defendants have a pre-existing legal obligation to avoid invading the privacy rights of consumers.

63. Issuance of the requested injunction will serve the public interest by preventing ongoing intercepting, recording, disclosure, and misuse of biometric

information without consent, and intercepting, recording, disclosure, and misuse of biometric information of minors, thus eliminating the injuries that would result to Plaintiff, the Class, and the millions of consumers who registered for and used TikTok.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of herself and the proposed Class, respectfully requests that the Court enter an order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as a representative of the Class, and appointing her counsel as class counsel;

B. Declaring that TikTok's actions, as set out above, violate California's laws cited herein;

C. Requiring TikTok to delete all biometric information of Members of the Class, cease further collection, retention, and use, and implement functionality to prevent further collection, retention, and use of biometric information of the Class without prior consent, and to cease disclosing biometric information of the Class to third parties without prior consent;

D. Requiring TikTok to undertake measures to cure the harm caused to the Class by its wrongdoing, as alleged herein, including, but not limited to, improving its privacy disclosures and obtaining adequately informed consent;

E. Awarding damages to Plaintiff and the Class in an amount to be determined at trial;

F. Awarding Plaintiff and the Class their costs of suit, including reasonable attorneys' fees and expenses;

G. Awarding Plaintiff and the Class pre-and post-judgment interest, to the extent allowable;

H. Enjoining TikTok from further engaging in the unlawful conduct alleged herein;

I. Awarding such other further injunctive and declaratory relief as is necessary to protect the interests of Plaintiff and the Class; and

J. Awarding such other and further relief as the Court deems reasonable and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Dated: May 20, 2020	BAIRD LAW FIRM

*/s/ William A. Baird*
William A. Baird (SBN 192675)
william.a.baird.1@gmail.com
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Telephone: 805-267-1209
Facsimile: 866-747-3905

Joseph P. Guglielmo
jguglielmo@scott-scott.com
SCOTT+SCOTT
ATTORNEYS AT LAW LLP
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile: 212-223-6334

Erin Green Comite
ecomite@scott-scott.com
SCOTT+SCOTT
ATTORNEYS AT LAW LLP
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: 860-537-5537
Facsimile: 860-537-4432

Joseph A. Pettigrew (SBN 236933)
(Of Counsel)
jpettigrew@scott-scott.com
SCOTT+SCOTT
ATTORNEYS AT LAW LLP
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 860-537-5537
Facsimile: 860-537-4432

E. Kirk Wood
ekirkwood1@bellsouth.net
WOOD LAW FIRM, LLC
P. O. Box 382434
Birmingham, AL 35238-2434
Telephone: 205-908-4906
Facsimile: 866-747-3905

*Attorneys for Plaintiff*